CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

DEC 15 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | MISC. NO. 1:18mc7 <br><br> **Filed Under Seal** |

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Snapchat, an Internet application provider located in Venice, California, to disclose certain records and other information pertaining to the user name kseigler7, as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

### LEGAL BACKGROUND

1. Snapchat is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Snapchat to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States (specifically, the United States Marshals Service) is investigating Kevin Thomas SEIGLER, who has violated 18 U.S.C. § 3146 and is actively evading law enforcement.

5. The following information was provided to me by Deputy United States Marshal Jim Satterwhite:

   a. On November 08, 2015, a federal arrest warrant was issued for KEVIN SEIGLER, in the Western District of Virginia, Charging him with Conspiracy to Distribute Methamphetamine and Oxycodone. Subsequently, he was arrested for this offense on November 17, 2016, and placed on pre-trial supervision, allowing him to return home to Las Vegas, Nevada and prepare for his pending trial.

   b. On May 01, 2017, SEIGLER failed to appear for his first day of trial therefore a second arrest warrant was issued for a violation 18 U.S.C. § 3146. The United States Marshals Service adopted this case for apprehension purposes. Further, on

   September 08, 2017, a third arrest warrant was issued for our target, charging him with violations of pre-trial supervision. Finally, on October 24, 2017, a grand jury of the Western District of Virginia, Abingdon Division, returned an indictment charging SEIGLER with a violation of 18 U.S.C. § 3146. An arrest was issued by the court on October 25, 2017. The United States Marshals Service has continued to search for SEIGLER since May 01, 2017, but to date he's still considered a federal fugitive.

 c. Specifically, as it pertains to this application, the United States Marshals Service received information from a previously granted search warrant, issued by this court for SEIGLER's Icloud account, denoting his Snapchat user name as kseigler7.

### REQUEST FOR ORDER

6. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual who is using this account, who is a known federal fugitive. Accordingly, the United States requests that Snapchat be directed to produce all items described in Part II of Attachment A to the proposed Order.

7. The government further requests that the Order require the Provider not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order until further order of the Court. *See* 18 U.S.C. 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant,

subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to efforts by the U.S. Marshals Service to apprehend a fugitive, and its disclosure may alert the fugitive to the government's investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution or change patterns of behavior. *See* 18 U.S.C. § 2705(b).

8. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

9. The United States requests that the Clerk of the Court provide the United States Attorney's Office with three certified copies of this application and Order.

Respectfully submitted,

RICK A. MONTCASTLE
United States Attorney

By: /s/ Zachary T. Lee

Zachary T. Lee
VSB NO: 47087
Assistant United States Attorney
United States Attorney's Office
180 W. Main Street, Suite B-19
Abingdon, Virginia 24210
(276) 628-4161
(276) 628-7399 (Fax)
USAVAW.EDFAbingdon@usdoj.gov

4